MANUELA GARCÍA, demandante y apelada, *v.* JOSÉ HERNÁNDEZ USERA y JULIO RODRÍGUEZ, demandados y apelantes.

Núm. 7122.—*Sometido:* Noviembre 9, 1937.   *Resuelto:* Diciembre 10, 1937.

*González Fagundo & González, Jr.,* y *H. Torres Solá,* abogados de los apelantes; *Arturo Aponte, Faustino R. Aponte* y *Manuel A. Bustelo,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El artículo 327 del Código de Enjuiciamiento Civil (edición 1933) lee así:

"Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta sección se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y Disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia.''

La demandante solicitó se dictara sentencia conteniendo tres pronunciamientos. El tercero de éstos se refería a la cuestión de costas, incluyendo honorarios de abogado. Los demandados comparecieron y se allanaron a que se dictara sentencia en la forma solicitada, sin necesidad de la celebración de un juicio, en lo que a los supuestos pronunciamientos primero y segundo se refería, así como también a que se concedieran costas a la demandante sin incluir honorarios de abogado. Durante el juicio la demandante ofreció prueba para establecer "el grado de culpa" envuelto por ciertos actos a virtud de los cuales los demandados obligaron a la demandante a demandarlos. La sentencia concedió costas a la demandante, incluyendo honorarios de abogado.

■■ Si el primer disponiéndose del artículo 327 ha de interpretarse literalmente, un demandado que ha comparecido en el pleito no puede invocar la prohibición de que se incluyan honorarios de abogado aunque comparezca con el único objeto de avenirse a una sentencia en la forma solicitada por el demandante (excepto en lo que a honorarios de abogado se refiere), es decir, a una sentencia que incluya costas pero no honorarios. No podemos creer que ésta fuera la intención legislativa.

La demandante, conforme hemos indicado, había solicitado expresamente se le concedieran las costas, incluyendo honorarios de abogado. El artículo 694 del Código de En-

juiciamiento Civil (edición 1933) dispone que en acciones de esta índole "se impondrán las costas a la parte contra la cual se dictare sentencia." Si los demandados no hubieran comparecido con el objeto de llamar la atención de la corte hacia el primer disponiéndose del artículo 327, el juez de distrito quizá pudo haber pasado por alto el mismo, o tal vez resuelto que el referido disponiéndose no era aplicable a un procedimiento especial iniciado en armonía con la "Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble," aprobada el 13. de marzo de 1913 (Ley núm. 43 de 1913, pág. 85). Un demandado que trata de evitar semejante riesgo solicitando se excluyan los honorarios de abogado de la sentencia, admite el derecho del demandante a obtener todo el remedio que podía concederse en una sentencia en rebeldía. Exonera al demandante de la necesidad de probar su caso, o por lo menos elimina cualquier cuestión relativa a tal necesidad. Renuncia a su derecho a apelar de la sentencia en su totalidad. No debe resolverse que ha renunciado al derecho de obtener que se excluyan de las costas los honorarios de abogado. Nos sentimos renuentes a imputar a la legislatura la intención de que a un demandado que comparece con el solo propósito de allanarse a una sentencia de conformidad con los términos del disponiéndose—renunciando así su derecho a apelar de la sentencia en su totalidad y relevando con ello al demandante de la necesidad de probar su caso—deba colocársele en peor situación, en lo que a la cuestión de honorarios de abogado se refiere, que un demandado que está meramente en rebeldía y deja al demandante que pruebe su caso, si es que puede hacerlo.

La apelación ha sido interpuesta tan sólo contra aquella parte de la sentencia que incluye honorarios de abogado en las costas concedidas a la demandante. A ese respecto *la sentencia apelada debe ser revocada.*

El Juez Asociado Señor Córdova Dávila no intervino.